# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LINDA W. SMITH,**             ) | |
|                                 ) | |
| **Plaintiff,**                  ) | |
|                                 ) | |
| v.                              ) | CIVIL ACTION NO. |
|                                 ) | 2:08-CV-01750 |
| COMFORT CARE HOSPICE, LLC,      ) | |
| a/k/a RESTORE MANAGEMENT        ) | |
| COMPANY, LLC,                   ) | |
|                                 ) | |
| Defendant.                      ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on "Plaintiff's Motion to Amend or Alter Summary Judgment Entered November 20, 2009, Pursuant to Rule 59, or in the Alternative, Motion for New Trial" (doc. 37). For the reasons stated below, the court DENIES the motion to amend or alter and DENIES the alternative motion for new trial.

In her motion, Plaintiff requests this court to reconsider its entry of summary judgment in Defendant's favor and "respectfully submits that this Honorable Court did not fully consider the arguments in her Brief in Opposition to Summary Judgment. . . ." (doc. 37, at 1-2). "[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Reuter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006). Motions for reconsideration should not be a "'knee-jerk reaction to an adverse ruling.'" *Id.* at 1268 (quoting *Summit Medical Center of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)). Neither should they be "a platform to relitigate arguments previously considered

and rejected." *Retuter*, 440 F. Supp. 2d at 1268 n. 9.  Rather, they should be "only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center*, 294 F. Supp. 2d at 1355.

In the instant case, Plaintiff does not present any new evidence that was unavailable at the time of the decision nor does she argue that controlling law changed after the date of the court's order.  She simply disagrees with the court's ruling and thus, the motion appears to be based on the belief that the court's ruling was clearly erroneous.  However, Plaintiff does not point the court to any facts or legal argument that the court has not already considered and addressed in its Memorandum Opinion.  Plaintiff's motion appears to be the classic attempt to obtain a second bite at the proverbial judicial apple.  Finding no clear error, the court finds that Plaintiff's motion to amend or alter is due to be DENIED and further, that the alternative motion for a new trial is due to be DENIED.

DONE and ORDERED this 7th day of December, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE